UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES ONEAL LAKE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CASE NO. 5:14-CV-1928-SLB |
| | ) |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff James Oneal Lake brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security denying his applications for a period of disability, disability insurance benefits [DIB], and supplemental security income [SSI].  After review of the record, the parties' submissions, and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

### I. PROCEDURAL HISTORY

Mr. Lake filed an application for a period of disability and DIB on February 8, 2012, and an application for SSI on March 16, 2012, alleging a disability onset date of January 27, 2012.  (Doc. 8-6 at R.187, R.195.)[1]  The applications were denied on June 20, 2012.  (Doc. 8-5 at R.108.)  Thereafter, Mr. Lake requested a hearing before an Administrative Law Judge

---

[1]Reference to a document number, ("Doc. __"), refers to the number assigned to each document as it is filed in the court's record.  References to page numbers in the Commissioner's record are set forth as ("R.__").

[ALJ], which was held as a video hearing on March 18, 2013.  (Doc. 8-3 at R.50; *see* doc. 8-5 at 120.)  The ALJ found that Mr. Lake was capable of making a vocational adjustment to other occupations, such as assembler, inspector, and box maker.  (Doc. 8-3 at R.44.)  Therefore, he denied Mr. Lake's applications for a period of disability, DIB, and SSI on May 17, 2013.  (*Id.*)

Mr. Lake requested review of the ALJ's decision by the Appeals Council.  (*See id*. at R.30.)  The Appeals Council denied the request for review, stating that it "found no reason under [its] rules to review the [ALJ's] decision." (*Id*. at 1.)  Therefore, "the [ALJ's] decision is the final decision of the Commissioner of Social Security in [Mr. Lake's] case."  (*Id*.)

Mr. Lake filed an appeal in this court on October 9, 2014.  (Doc. 1.)

## II.  <u>STANDARD OF REVIEW</u>

In reviewing claims brought under the Social Security Act, this court's role is a narrow one: "Our review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).  The court gives deference to factual findings.  *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).  The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."

*Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983)) (internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citations omitted).

Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius*, 936 F.2d at 1145. "No . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III.  DISCUSSION

**A.  THE FIVE-STEP EVALUATION**

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for a period of disability, DIB, and/or SSI. *See* 20 C.F.R. § 404.1520(a)(1)-(2); 20 C.F.R. § 416.920(a)(1)-(2); *see Bowen v. City of New York,* 476 U.S. 467, 470 (1986). "[A]n individual shall be considered to be disabled for purposes of [determining eligibility for DIB and SSI benefits] if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

to last for a continuous period of not less than twelve months." 42 U.S.C. §1382c(a)(3)(C)(1); *see also* 42 U.S.C. § 416(i)(1); 42 U.S.C. § 423(d)(1)(A).

The specific steps in the evaluation process are as follows:

### 1. Substantial Gainful Employment

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987). The regulations define "substantial gainful activity" as "work activity that is both substantial and gainful."[2] 20 C.F.R. § 404.1572; 20 C.F.R. § 416.972. If the claimant is working and that work is substantial gainful activity, the Commissioner will find that the claimant is not disabled, regardless of the claimant's medical condition or his age, education, and work experience. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). "Under the first step, the claimant has the

---

[2]The regulations state:

(a) *Substantial work activity*. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

(b) *Gainful work activity*. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

(c) *Some other activities*. Generally, we do not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572; 20 C.F.R. § 416.972.

burden to show that [he] is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Commissioner of Social Sec.*, 457 Fed. Appx. 862, 863 (2012).[3]

The ALJ found that Mr. Lake had not engaged in substantial gainful activity since January 27, 2012, the alleged onset date. (Doc. 8-3 at R.36.)

**2. Severe Impairments**

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); 42 U.S.C. § 1382c(a)(3)(D). The regulations provide: "[I]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience." 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). "An impairment can be considered as not severe only if it is a slight abnormality

---

[3]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a); 20 C.F.R. § 416.921(a).  A complainant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1985); *see also* 20 C.F.R. § 404.1523; 20 C.F.R. § 416.923.  A claimant has the burden to show that he has a severe impairment or combination of impairments.  *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Mr. Lake had "the following severe impairments:  fibromyalgia, Crohn's disease, erosive gastritis, duodenitis, depression, and anxiety."  (Doc. 8-3 at R.36.)  He found that Mr. Lake had not alleged arthritis was a severe impairment and, because this condition did not result in any work-related limitations, arthritis was not a severe impairment.  (*Id.*)

**3. The Listings**

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment and whether it is equivalent to any one of the listed impairments, which are impairments that are so severe as to prevent an individual with the described impairment from performing substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii), (d)-(e); 20 C.F.R. § 416.920(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 [The Listings].  If the claimant's impairment meets or equals an

impairment listed in the regulations, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). The claimant has the burden of proving that his impairment meets or equals the criteria contained in one of the Listings. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Mr. Lake did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. (Doc. 8-3 at R.37.)

### 4. Residual Functional Capacity and Past Relevant Work

If the impairment or combination of impairments does not meet or equal the criteria of a Listing, the claimant must prove that his impairment or combination of impairments prevents him from performing his past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv), (f); 20 C.F. R. § 416.920(a)(4)(iv), (f). At step four, the Commissioner "will first compare [her] assessment of [the claimant's] residual functional capacity [RFC] with the physical and mental demands of [the claimant's] past relevant work. 20 C.F.R. § 404.1560(b); 20 C.F.R. § 416.960(b). "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [him] to learn to do it. 20 C.F.R. § 404.1560(b)(1); 20 C.F.R. § 416.960(b)(1). If the claimant is capable of performing his past relevant work, the Commissioner will find he is not disabled. 20 C.F.R. § 404.1560(e); 20 C.F.R. § 416.920(e). The claimant bears the burden of establishing that

the impairment or combination or impairments prevents him from performing past work. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

Based on his "consideration of the entire record," the ALJ found that Mr. Lake could perform a limited range of medium work; he found:

> [T]he claimant has the [RFC] to perform less than a full range of medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c)[,][4] except he can frequently perform postural maneuvers with the exception of occasional climbing of ladders, ropes, and scaffolds. He should avoid concentrated exposure to extreme heat and cold, humidity, gases, dusts, odors, fumes, and areas of poor ventilation. He can perform unskilled work with the ability to understand and carry out simple and short instructions.

(Doc. 8-3 at R.38 [footnote added].) The ALJ found that Mr. Lake could not perform his past relevant work as a "psych aide," a sales clerk in retail, a slitter operator, and a pest control technician. (*Id*. at R.42-43.)

**5. Other Work in the National Economy**

If the claimant establishes that he is unable to perform his past relevant work, the Commissioner must show that the claimant – in light of his RFC, age, education, and work experience – is capable of performing other work that exists in substantial numbers in the national economy. *Reynolds-Buckley*, 457 Fed. Appx. at 863; *see also* 20 C.F.R. § 404.1520(c)(1); 20 C.F.R. § 416.920(c)(1). The regulations provide:

---

[4]The Regulations define medium work as follows: "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c); 20 C.F.R. § 416.967(c).

> If we find that your [RFC] is not enough to enable you to do any of your past relevant work, we will use the same [RFC] assessment we used to decide if you could do your past relevant work when we decide if you can adjust to any other work. We will look at your ability to adjust to other work by considering your [RFC] and your vocational factors of age, education, and work experience. Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

20 C.F.R. § 404.1560(c)(1); 20 C.F. R. § 416.960(c)(1). If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled. 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f). If, however, the Commissioner finds that the claimant can perform other work, the claimant has the burden to prove he is not capable of performing such other work.

The ALJ found that Mr. Lake, who was born in 1968, was a "younger individual" on the alleged onset date, and that he had at least a high school education and could communicate in English. (Doc. 8-3 at R.43.) The ALJ consulted a vocational expert [VE]; the VE testified that an individual with Mr. Lake's RFC and vocational factors could perform "jobs that exist in significant numbers in the national economy," including assembler, inspector, and box maker. (*Id*. at R.43-44.) Based on this testimony, the ALJ found Mr. Lake could make as successful adjustment to perform other work. (*Id*. at R.44.)

Therefore, the ALJ found that Mr. Lake had not been under a disability at any time from January 27, 2012, the alleged onset date, through May 17, 2013, the date of the ALJ's decision. (*Id*.)

**B. MR. LAKE'S APPEAL**

Mr. Lake raises two issues on appeal: (1) "the ALJ failed to properly consider the opinion of plaintiff's treating physician, Dr. Schmidt," (doc. 10 at 7), and (2) "the ALJ failed to properly consider plaintiff's impairments in combination," (*id*. at 10). For the reasons set forth below, the court finds that the Commissioner's decision is due to be affirmed.

**1. Weighing the Opinion of Dr. Schmidt**

Mr. Lake contends that the ALJ erred by failing to give the opinion of his treating physician, Allen James Schmidt, Jr., M.D., substantial weight. (Doc. 10 at 7-10.) According to his Decision, the ALJ discounted Dr. Schmidt's opinion because Dr. Schmidt had made diagnoses outside of his speciality, he had examined Mr. Lake on "relatively infrequent" occasions, and he had relied on Mr. Lake's subjective reports of symptoms and limitations, which the ALJ found were not supported by Dr. Schmidt's examinations and notes of record. (*See* doc. 8-3 at 42.)

> In evaluating medical opinions, the ALJ considers many factors, including the examining relationship, the treatment relationship, whether an opinion is amply supported, whether an opinion is consistent with the record and the doctor's specialization. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). Generally, the more consistent a physician's opinion is with the record as a whole, the more weight an ALJ should place on that opinion. *Id*. §§ 404.1527(d)(4), 416.927(d)(4). Usually, the opinions of treating physicians are given more weight than non-treating physicians, and the opinions of examining physicians are given more weight than non-examining physicians. *See id*. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2). A non-examining doctor's opinion that contradicts an examining doctor's medical report is accorded little weight and cannot, standing alone, constitute substantial evidence. *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir.1991). However, the ALJ may rely on a non-examining physician's opinion if it does not contradict the examining

physician's medical findings or test results in the medical report. *See id*. at 585.

*Flowers v. Comm'r of Soc. Sec.*, 441 Fed. Appx 735, 740 (11th Cir. 2011). The Eleventh Circuit has held "that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physician's diagnosis." *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). "Good cause exists 'where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.' [The court] will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it." *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822-23 (11th Cir. 2015)(quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)); *see also Winschel*, 631 F.3d at 1179 ("Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.")(internal quotations and citation omitted).

Mr. Lake's treating physician, Allen Schmidt, M.D., an internist, wrote two substantially similar letters in support of Mr. Lake's claim for disability benefits. (*See* doc. 8-8 at R.358; doc. 8-9 at R.366.) In the first letter, dated July 15, 2012, Dr. Schmidt stated:

> Note that I have known Mr. Lake for over 15 years; he has severe systemic arthritis, fibromyalgia and chronic pain in multiple joints. This is complicated by depression and fatigue. His arthralgia and level of pain has continued to worsen over the last 5-6 years. He was diagnosed with this arthritis around 1994.

> He is very limited in his endurance and ability to lift and to move and to be able to focus at work[ ] due to the level of pain. His pain requires chronic levels of medication. Both for the arthritis and pain and for his depression and anxiety.
>
> I do not feel that his condition is going to improve any time in the near future and his pain and condition seems to be slowly deteriorating. So I am encouraging him to pursue disability.
>
> He has been diagnosed with Crohn's disease and part of his arthralgia is the Enteropathy that is associated with Crohn's disease.
>
> He has tremendous fatigue and also has Adult Attention Deficit Disorder; the combination of these disease processes makes it impossible to pursue gainful employment.

(Doc. 8-8 at R.358.) The second letter, dated March 13, 2013, includes a diagnosis of spondyloarthropathy, but is otherwise identical to the July 2012 letter. (*Compare* doc. 8-9 ast R.366 *with* doc. 8-8 at R.358.)

With regard to these letters and Dr. Schmidt's treatment records, the ALJ found:

> Treatment records from Allen Schmidt, M.D., a physician of internal medicine, in January 2012 show the claimant with a diagnosis of Crohn's disease wanting to pursue disability. The claimant denied diarrhea, constipation or nausea and vomiting. Upon physical examination, [Dr. Schmidt noted that Mr. Lake] was well developed and nourished and appeared consistent with his age. His abdomen was soft, nondistended, nontender, no rebound rigidity or guarding and bowel sounds were symmetric x4. The claimant had no obvious joint or bony abnormalities. There was no cyanosis, clubbing or edema of the extremities and no CVA tenderness. Deep tendon reflexes were bilaterally symmetric and normal for the upper and lower extremities. Cranial nerves were grossly intact, reflexes were normal and there was no focal deficit. He was alert and oriented x3 and mood and affect were appropriate. Dr. Schmidt diagnosed regional enteritis small intestine (primary), inflammatory spondylopathies, generalized anxiety disorder, and screening for depression. [Mr. Lake] was advised to return for follow up in three months. No new medications were prescribed at that time. The claimant returned one month

later, in February 2012[,] complaining of diarrhea and hurting all the time. It was noted that the claimant stated that he felt that when he is on disability it would help him tremendously. There were no changes from the previous examination. Dr. Schmidt did recommend the need for weight loss and recommended aerobic exercise a minimum of three days per week. Hydrocodone was prescribed at that time (Exhibit 5F).[5] The claimant was seen in May 2012 stating he still does not feel very good and is having trouble with making payments and had not been approved for disability. Upon physical examination, the claimant appeared consistent with his age, was well developed and nourished, in no acute distress, and he was alert and oriented x3. His diagnoses were the same as his previous visit with instructions to do aerobic exercises a minimum of three days per week. In June 2012, the claimant was seen requesting refills of his medication. He stated that he has battled pretty intense depression. However, the claimant was alert and oriented x3 and his mood and affect were appropriate upon examination. In a July 2012 letter from Dr. Schmidt, he stated that the claimant has severe systemic arthritis, fibromyalgia, and chronic pain in multiple joints complicated by depression and fatigue. He stated that the claimant's arthralgia and level of pain has continued to worsen over the last five to six years and was diagnosed with arthritis in 1994. Dr. Schmidt opined that the claimant is very limited in his endurance and ability to lift, move, and be able to focus at work due to his level of pain. He stated that his pain requires chronic levels of medication for both arthritis and pain and depression and anxiety. Dr. Schmidt did not feel his condition was going to improve any time in the near future and his pain and condition appeared to be slowly deteriorating so he is encouraging him to pursue disability. He stated that he has Crohn's disease and part of his arthralgia is the enteropathy that is associated with Crohn's disease. Dr. Schmidt stated that the claimant has tremendous fatigue and has adult attention deficit disorder and the combination of these disease processes makes it impossible to pursue gainful employment. The claimant was not seen again until March 2013, six months later, complaining of his joints and muscles hurting, requesting pain medication. Upon examination, the claimant was well developed and well nourished in no acute distress. There were no obvious joint or bony abnormalities, no CVA [tenderness], clubbing, cyanosis or edema. Deep tendon reflexes were normal for the upper and lower

---

[5](Doc. 8-8 at R.321-26.)

13

extremities, cranial nerves were grossly intact, reflexes were normal, and there was no focal deficit (Exhibits 11F and 15F).[6]

. . .

The course of medical treatment in this case is not consistent with disabling levels of pain.

In regard to Crohn's disease, there is no indication in the record that his Crohn's disease is of the severity as testified to at the hearing. If it were of the severity as alleged at the hearing, one would think there would be more treatment and/or hospitalizations for these symptoms and he would have had to excuse himself during the course of the hearing.

In regard to fibromyalgia, the record shows no early morning joint stiffness or swelling of the extremities, no peripheral cyanosis or clubbing, and no loss of motion. He denied rheumatologic symptoms or muscle weakness. Furthermore, he only saw a rheumatologist on only one occasion for treatment.[7]

In regard to anxiety and depression, the claimant has never received any treatment at a mental health facility and has never been hospitalized due to mental health symptoms. Furthermore, he was found to have only mild symptoms and his anxiety symptoms would not preclude his ability to interact with coworkers, customers or supervisors. Moreover, there were times that the claimant did not even complain about anxiety or depression, indicating that his anxiety and depression are not of the severity as alleged.

With regard to the assessed global assessment of functioning (GAF) of 63 in 2012, the undersigned notes that according to the Diagnostic and Statistical Manual of Mental Disorders, published by the American Psychiatric Association, a GAF of 63 indicates only mild symptoms or only mild difficulty in social, occupational, or school functioning.

---

[6](*Id*. at R.352-58; doc. 8-9 at R.366-69.)

[7](Doc. 8-8 at R.362-64.) The records indicate that Mr. Lake saw the rheumatologist, Dr. Vijay Jampala, on two occasions – July 28, 2011 and September 26, 2011. (*Id*.)

> In regard to gastritis and duodenitis, the record shows no evidence of any functional limitations as a result of these diagnoses. The claimant was prescribed medication and since that time the claimant has reported no problems with diarrhea, constipation, nausea or vomiting. Examinations have shown no rebound rigidity or guarding of the abdomen, bowels sounds are symmetric x4, and the abdomen is soft and nondistended. Furthermore, the claimant has not complained of any specific symptoms in regard to these diagnoses.
>
> Therefore, the undersigned finds the course of medical treatment in this case does not bolster the claimant's credibility with respect to the degree of his pain and other subjective complaints.
>
> . . .
>
> Although Dr. Schmidt does have a treating relationship with the claimant, the record reveals that actual treatment visits have been relatively infrequent. Additionally, his opinion appears to rest at least in part on an assessment of an impairment outside his area of expertise.
>
> Moreover, Dr. Schmidt's opinion is inconsistent with his own treatment records. Specifically, noting minimal findings upon physical examination and giving diagnoses that he does not specialize[, i]t appears that Dr. Schmidt relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints.
>
> . . .
>
> The undersigned gives little weight to the opinion of Dr. Schmidt because his opinion is inconsistent with his own treatment records and the evidence as a whole.

(Doc. 8-3 at R.39-42 [footnotes added].)

The court finds that the ALJ clearly stated the weight given Dr. Schmidt's opinion and he adequately stated his specific justification for it. The ALJ's justification is supported by

substantial evidence. Therefore, this court will not disturb his finding. *See Hunter*, 808 F.3d at 823.

### 2. Combination of Impairments

Mr. Lake contends that the ALJ failed to properly consider his combined impairments and he failed to consider his arthritis at all. (Doc. 10 at 10.) The court finds these contentions do not provide a basis for reversing the Commissioner's decision to deny Mr. Lake disability benefits.

At step two, the ALJ found that, although Mr. Lake had a diagnosis of arthritis, arthritis was not a severe impairment. (Doc. 8-8 at 36.) Nevertheless, the ALJ found that Mr. Lake had other severe impairments – "fibromyalgia, Crohn's disease, erosive gastritis, duodenitis, depression, and anxiety." (*Id*.) Because the ALJ moved beyond step two of the sequential evaluation, any error in not finding arthritis to be a severe impairment was harmless. *See Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).

"Where a claimant has alleged several impairments, the Commissioner must consider the impairments in combination and determine whether the combined impairments render the claimant disabled." *Hearn v. Comm'r, Soc. Sec. Admin.*, 619 Fed. Appx. 892, 895 (11th Cir. 2015)(citing *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991)). "An ALJ's statement that [he] has considered a combination of impairments is adequate to meet this standard." *Id.* (citing *Jones*, 941 F.2d at 1533).

In this case the ALJ stated:

> 4. The claimant does not have an impairment or **combination of impairments** that meets or medically equals the severity of one of the listed impairments . . . .
>
> . . .
>
> 5. ***After careful consideration of the entire record***, the undersigned finds that the claimant has the [RFC] to perform less than a full range of medium work . . . except he can frequently perform postural maneuvers with the exception of occasional climbing of ladders, ropes, and scaffolds. He should avoid concentrated exposure to extreme heat and cold, humidity, gases, dusts, odors, fumes, and areas of poor ventilation. He can perform unskilled work with the ability to understand and carry out simple and short instructions.
>
> In making this finding, ***the undersigned has considered all symptoms*** and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 C.F.R. 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

(Doc. 8-8 at 38 [emphasis added].)

The Eleventh Circuit has held that these types of statements are sufficient to show that the ALJ considered a claimant's impairments in combination. *Hubbard v. Comm'r of Soc. Sec.*, 618 Fed. Appx. 643, 649-50 (11th Cir. 2015)(citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002); *Jones*, 941 F.2d at 1533)). Therefore, the court finds no error based on Mr. Lake's contention that the ALJ failed to consider his impairments in combination.

## IV. CONCLUSION

Based on the reasons set forth above, the decision of the Commissioner, denying plaintiff's claim for a period of disability, DIB, and SSI will be affirmed. An Order affirming the decision of the Commissioner will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 11th day of March, 2016.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE